IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCRIPTPRO, LLC, )
)
        Plaintiff, )
)
v. ) Case No. 06-2468-CM
)
INNOVATION ASSOCIATES, INC., )
)
        Defendant. )

# ORDER

On December 16, 2010, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order (doc. 96) granting the motion of the plaintiff, ScriptPro LLC, to compel the defendant, Innovation Associates, Inc., to provide certain discovery responses. In response to ScriptPro's request for fees associated with bringing the motion, the court instructed ScriptPro to provide an accounting of its reasonable expenses incurred in making the motion. ScriptPro has filed its accounting (doc. 101). Innovation has responded to ScriptPro's accounting (doc. 106), and ScriptPro filed a reply (doc. 107). For the reasons set forth below, Innovation's objections are overruled and ScriptPro's accounting is approved.

Payment of expenses incurred in bringing a motion to compel is governed in part by Fed. R. Civ. P. 37(a)(5)(A) which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Whether to impose fees is a matter within the court's discretion.[1] At the outset, the court notes that Innovation does not allege that ScriptPro's motion was filed before attempting in good faith to confer, nor does it challenge any of the time entries submitted. Thus, the court must order payment unless Innovation's actions were substantially justified or other circumstances would make an award unjust.

Innovation argues that it has been an active participant in the discovery of this case, which it claims resulted in both the narrowing of the discovery requests and in ScriptPro providing preliminary claim constructions that Innovation says were a necessary prerequisite to it responding to ScriptPro's discovery requests. It appears that the parties were able to negotiate and narrow the discovery requests over the course of several meetings in October 2010, and ScriptPro did provide a claim chart on October 28, 2010. But ScriptPro's motion wasn't filed until November 22, 2010. And despite the progress made in October and the motion being filed in November, Innovation still deferred production until December 22, 2010, for reasons never fully explained.[2]

---

[1] *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007).

[2] Innovation's response to ScriptPro's motion to compel did state that the discovery responses were put on the back-burner to allow the parties to focus on settlement. *See* doc. 92. ScriptPro's reply indicated that there was no such agreement between the parties to

There was very little substantive disagreement about the discovery requests in ScriptPro's motion to compel. As to most of the requests outlined in the motion, Innovation either clarified that there were not responsive documents or indicated that it would start producing responsive material by December 22, 2010.[3] But just because there was no real substantive dispute about many of the discovery requests discussed in ScriptPro's motion, that doesn't mean that Innovation shouldn't have to pay. Fed. R. Civ. P. 37(a)(5)(A) states that the court must order payment of a movant's reasonable expenses if the motion is granted *or* if discovery is provided after filing. Essentially, both happened here. Innovation apparently did not provide most of its responses until a month after ScriptPro filed its motion—which was almost another a full month after ScriptPro gave Innovation its claim chart and narrowed the scope of the requests. Innovation has not provided any substantial justification for this delay, nor has it explained why awarding costs for this late production would be unjust.

Innovation also argues that the parties should each be made to bear their own costs because the motion was granted in part and denied in part. The denial, Innovation argues, was with regard to Interrogatory No. 3 and Document Request No. 11. But the court did not deny ScriptPro's motion with regard to Interrogatory No. 3. ScriptPro argued that

---

delay discovery in favor of settlement negotiations. *See* doc. 95 at 2. In its response to ScriptPro's accounting, Innovation has *not* argued that settlement negotiations were substantial justification for not providing discovery responses at an earlier date.

[3]*See* doc. 96.

Innovation should be compelled to respond. Innovation countered by stating that its response to Interrogatory No. 12 was a sufficient response to Interrogatory No. 3 as well, but also stated that it would supplement its response if ScriptPro disputed that, which ScriptPro did. Thus, the court ordered Innovation to respond to the extent there was additional information.

With regard to Document Request No. 12, Innovation claims that ScriptPro partially "capitulated" to Innovation's position, and that Innovation's remaining arguments were substantially justified. However, the "capitulation" Innovation alludes to was ScriptPro's acceptance of Innovation's statement that no responsive documents existed with regard to portions of the discovery request, and ScriptPro's statement that it was not seeking privileged documents with respect to another portion. On the remaining disputed portion of Document Request No. 12, Innovation argued that it should not have to respond because it would be quicker and cheaper for ScriptPro to seek responsive documents on its own. Innovation states that this objection was substantially justified because reasonable people could differ as to the appropriateness of the objection. The court disagrees. Not only is this excuse not generally well-taken,[4] but the order on the motion to compel also noted that Innovation never raised this objection in its original discovery responses, meaning that it

---

[4]*See Sibley v. Sprint Nextel Corp.*, No. 08-2063, 2009 WL 3244696, at *1 (D. Kan. Oct. 6, 2009).

could not be later asserted in response to the motion to compel.[5]

Accordingly, Innovation has failed to establish any of the factors listed in Fed. R. Civ. P. 37(a)(5)(A) to persuade the court not to award ScriptPro the fees it has accounted for, which the court has reviewed and deems reasonable under these circumstances.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Innovation's response in objection to ScriptPro's accounting of fees is overruled.

2. Innovation shall pay ScriptPro the reasonable fees incurred by ScriptPro in bringing its motion to compel, in the amount of $2,926.00, by **February 4, 2011**.

Dated January 27, 2011, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5]*See Sonnino v. Univ. of Kansas Hosp. Authority*, 220 F.R.D. 633, 642 (D. Kan. 2004).