IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SCRIPTPRO LLC, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 06-2468-CM |
| ) | |
| **INNOVATION ASSOCIATES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs ScriptPro LLC and ScriptPro USA Inc.'s (collectively "ScriptPro") motion for reconsideration (Doc. 314). On July 10, 2012, ScriptPro moved the court to reconsider the portion of its June 26, 2012 Order (Doc. 312) ("Order") denying ScriptPro's motion for summary judgment on defendant Innovation Associates, Inc.'s ("Innovation") counterclaims for tortious interference with prospective and existing business relations (Doc. 274). Instead of responding to ScriptPro's motion for reconsideration, Innovation filed a motion to strike ScriptPro's motion for reconsideration or, alternatively, for extension of time to respond (Doc. 319)[1]. This motion is also before the court. Before ruling on either motion, the court entered an order requiring Innovation to file a response to ScriptPro's motion for reconsideration. Innovation complied with that order.

The court finds that ScriptPro's motion for reconsideration lacks a valid basis for reconsideration. For the reasons below, the court denies ScriptPro's motion for reconsideration.

---

[1] When filing a motion to strike, the court prefers that the party file a separate motion for extension of time.

-1-

Further, Innovation's motion to strike ScriptPro's motion for reconsideration or, alternatively, for extension of time to respond is denied as moot.

## I. Legal Standard

The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988) (citation omitted)).  There are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) "the availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).  More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

## II. Discussion

After reviewing ScriptPro's motion, the Court finds no grounds that warrant reconsideration. ScriptPro claims that reconsideration is necessary to correct clear error or prevent manifest injustice. Specifically, ScriptPro contends that the court's Order did not address the causation element for both tortious interference with contract and tortious interference with business relationships/ prospective economic advantage.  The court disagrees.

ScriptPro's motion for reconsideration does precisely what the cases above state it cannot do—it revisits issues already addressed, puts forth additional arguments that were formerly available, and attempts to make a stronger case by enhancing arguments that previously failed. *See Coffeyville*, 748 F. Supp. 2d at 1264; *Voelkel*, 846 F. Supp. at 1483.  In the portion of its motion for summary judgment addressing tortious interference with contract, ScriptPro made a broad argument that Innovation had no admissible causation evidence.  ScriptPro's reply (Doc. 306) likewise was a general attack on Innovation's alleged failure to put forth admissible causation evidence.

This court spent considerable time, effort, and resources addressing ScriptPro's arguments in its summary judgment motion, including ScriptPro's categorical argument that no admissible causation evidence exists.  The court reviewed the summary judgment record in the light most favorable to Innovation, the nonmoving party, and explicitly stated that "the record contains emails from which a reasonable jury could infer that certain customers may have terminated their contracts and/or relationships with Innovation based on representations from ScriptPro."  (Doc. 312 at 14.)

In its motion to reconsider, ScriptPro employs a new tactic of attacking Innovation's alleged lack of causation evidence as to each individual client—as opposed to the general, categorical approach it utilized in its summary judgment motion.  ScriptPro cannot use its motion for reconsideration as an attempt to bolster its previous arguments and try for a second chance on this issue.

Moreover, ScriptPro makes much of the fact that Innovation's response to ScriptPro's motion for summary judgment did not dispute several of ScriptPro's statements of fact.  These statements assert that Innovation has no written or other documentary evidence on the causation element regarding several of Innovation's customers.  ScriptPro misses the point.  In its response to ScriptPro's motion for summary judgment, Innovation's own statement of facts cites to causation evidence

including the declarations of Doyle Jenson, the Executive Vice President of Innovation and Bob Mueller, a customer. This causation evidence, although not "written" or "documentary," is nonetheless evidence.

Innovation has already submitted evidence sufficient to meet its summary judgment burden, and the court will not require it to go beyond that burden. The court—as it was in its previous Order—is satisfied that Innovation has shown sufficient evidence "that certain customers may have terminated their contracts and/or relationships with Innovation based on representations from ScriptPro." (Doc. 312 at 14.) ScriptPro has not provided anything which has caused the court to conclude its finding on this issue was incorrect. ScriptPro's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Plaintiff ScriptPro's Motion for Reconsideration (Doc. 314) is denied.

**IT IS FURTHER ORDERED** that Defendant Innovation's Motion to Strike ScriptPro's Motion for Reconsideration or, Alternatively, for Extension of Time to Respond (Doc. 319) is denied as moot.

Dated this  15th  day of October, 2012, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
